**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CASE NO. 3:09-CV-407**

CSX TRANSPORTATION, INC.                                                    PLAINTIFF

v.

GENERAL ELECTRIC COMPANY,
GENERAL ELECTRIC RAILCAR SERVICES
CORPORATION, GENERAL ELECTRIC
CAPITAL CORPORATION, RAILCAR
ASSOCIATES, L.P., GE RAILCAR
ASSOCIATES, INC., GENERAL ELECTRIC
RAILCAR LEASING SERVICES
CORPORATION, AND JOHN DOE
ENTITIES 1-50                                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendants' Motion for a More Definite Statement (Docket #40). Plaintiff CSX Transportation, Inc. ("CSXT") has responded (Docket #55). Defendants have replied (Docket #69). Plaintiff has also filed a Motion to Strike the Motion for a More Definite Statement (Docket #54). For the reasons that follow, Defendants' Motion is DENIED and Plaintiff's Motion is dismissed as moot.

**BACKGROUND**

On January 16, 2007, northbound CSXT freight train Q50215 derailed near Brooks, Kentucky. The train was headed from Birmingham, Alabama, to Louisville, Kentucky. CSXT alleges that the derailment occurred when a body side bearing bolt on Car AN 5696 ("Car 18") failed. As a result of the accident, CSXT was exposed to several third-party lawsuits seeking damages allegedly caused by the derailment. Defendants were not made a party to many of those lawsuits. In addition, CSXT suffered damage to its own property, and expended large

sums of money for cleanup. CSXT may also be subject to future litigation arising from the train derailment.

CSXT alleges that the Defendants in this case collectively owned and/or placed Car 18 into the stream of commerce, and therefore seek to hold Defendants liable for their share of the accident. In its complaint, CSXT asserts seven counts for relief against all Defendants: (I) Products Liability - Manufacturing/Design Defect; (II) Negligent Failure to Inspect/Maintain; (III) Negligent Failure to Provide a Reasonably Safe Rail Car; (IV) Indemnity; (V) Contribution; (VI) Apportionment; and (VII) Damages. Defendants now move for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

## STANDARD

According to Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion must be made by the responding party before any responsive pleading is filed. *Id.* The motion "must point out the defects complained of and the details desired." *Id.* The purpose of Rule 12(e) is to clear up ambiguities within the pleadings; it is not a substitute for discovery. *See Becker v. Clermont County Prosecutor*, 2008 WL 2230178 (S.D. Ohio 2008) ("Motions for a more definite statement are not favored by the courts in light of the availability of pretrial discovery procedures."). A complaint must only provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S.

506 (2002).

## DISCUSSION

Defendants' motion states that a more definite statement is necessary because the Complaint "does not attribute any of the alleged tortious acts to any particular defendant." Therefore, Defendants cannot respond because they do not know which causes of action are directed to each individual Defendant. Defendants request that Plaintiff specify which allegations and causes of action are directed to each Defendant, and that Plaintiff state more specific factual allegations for each cause of action.

Plaintiff asserts that all of the GE Defendants are charged with each cause of action, as is noted in Paragraphs 21 and 22 of the Complaint. Plaintiff informs the Court that GE identified all Defendants in a Tolling Agreement between Plaintiff and Defendants, entered into in January of 2009. In addition, GE referenced the appropriate defendants for this action in the discovery of a parallel case also before this Court, *Goodwin v. CSX Transportation, Inc.*, 3:07-cv-00483. Plaintiffs allege that all Defendants are sufficiently on notice because the Complaint charges the Defendants collectively for each cause of action, and "[t]here is no requirement that each allegation list, by individual name, every defendant to which the allegation applies, when the collective 'defendants' sufficiently puts all defendants on notice that this claim is being asserted against them." *DeNune v. Consol. Capital of N. Am., Inc.*, 288 F. Supp. 2d 844, 860 (N.D. Ohio 2003). Plaintiff also argues that the Complaint is not ambiguous, but that Defendants are merely seeking more detail, which is inappropriate under Rule 12(e).

The Court finds that a more definite statement is not necessary in this case. Because of the relaxed pleading standard in federal courts, the complaint must be unintelligible, not simply

lacking in detail. *United States v. Paul*, 2008 U.S. Dist. LEXIS 39321 (E.D. Ky. 2008) (citations omitted). The Court believes it is clear from the Complaint that all Defendants are charged with all causes of action. Defendants cite several cases in support of their argument that actions against multiple defendants must specify as to each individual defendant. *See, e.g.*, *Ames v. Dept. Of Marine Res. Com'r*, 256 F.R.D. 22 (D. Maine 2009); *Evans v. Walter Indus.*, 579 F. Supp. 2d 1349, 1355 (N.D. Ala. 2008); *Evans v. City of Etowah*, 2007 WL 1143948, *5 (E.D. Tenn. April 17, 2007); *Reinholdson v. Minn.*, 2002 U.S. Dist. LEXIS 18886, *6 (D. Minn. 2002). The Court, however, finds that these case are distinguishable from the present case. *Evans v. Walter Industries*, involved a large class action in which four classes of plaintiffs sued defendants who had operated foundries and smelters at different times over an 85-year period. 579 F. Supp. 2d at 1354. The Court recognized that this multi-plaintiff/multi-defendant situation with various time periods and injuries required more particularized pleading. *Id.* at 1355. The same problem is not an issue in the present case. There is only one plaintiff, one accident, and the Defendants are grouped collectively and alleged to have done the same things to open themselves up to liability.

In *Evans v. City of Etowah*, the plaintiff had asserted a variety of claims, including civil rights violations, negligence, assault and battery, defamation, and malicious prosecution. *Evans v. City of Etowah*, 2007 U.S. Dist. LEXIS 28408, *6-7 (E.D. Tenn. April 17, 2007). The defendants were a variety of both private and state actors. *Id.* at *4. The Court found that the plaintiff, by merely stating that the defendants were "individually and jointly liable," had not provided enough notice to defendants, especially as to those claims traditionally asserted only against state actors. *Evans*, 2007 WL 1143948, at *2-5. In the present case, Plaintiff has gone

beyond stating that Defendants were "individually and jointly liable." Instead, Plaintiff has claimed that all Defendants "collectively owned and operated" Car 18. In addition, the Defendants here are not so different as the defendants in *Evans*, and it makes sense for the Plaintiff to group them collectively.

In *Reinholdson*, a large group of students sued a state, state department, state commissioner, school board, school board members, superintendent, and special education director. 2002 U.S. Dist LEXIS 18886. The Court found that the complaint should be dismissed because it contained 93 paragraphs of assorted allegations across 40 pages, with "numerous redundant allegations." *Id.* at *4. In addition, this case raised the issue of multiple plaintiffs versus multiple defendants. *Id.* at *6. The complaint sought to allege individual actions by individual plaintiffs, separate defenses existed with regards to individuals, and the Court believed that the claims should not have been joined in the first place. *Id.* at *8-10. Again, this case is distinguishable from the present case in which there is one Plaintiff asserting the same claims against all Defendants. The Complaint is only 10 pages long and is not undecipherable, as was the complaint in *Reinholdson*. It is not redundant, and properly separates each claim.

Finally, Defendants cite *Ames v. Dapartment of Marine Resources Commissioner* in their reply. 256 F.R.D. 22 (D. Maine 2009). In *Ames*, a lobster fisherman sued 23 defendants, members of an association of fishermen, alleging that they had conspired against him, stolen his gear, and converted his fishing traps. *Id.* at 23. The Court granted the defendants' motions for more definite statement on the basis that the plaintiff must specify as to each party "what individual facts unique to each defendant, other than residence on Matinicus Island and a connection to the lobster fishing industry, provide a nexus between the legal claims . . . and the

facts allegedly supporting them." *Id.* at 31. Place of residence and connection to the industry were not enough to support the legal claims in *Ames*, but in the present case, alleging that Defendants "collectively owned and operated" and "placed Car 18 into the stream of commerce" could provide a proper basis for liability as to Plaintiff's claims. The "nexus" between the facts and legal claims is much stronger in the present case than in *Ames*.

The Court finds that the Defendants have received sufficient notice to respond to the Complaint, and the Motion for a More Definite Statement should be denied.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion for More Definite Statement is **DENIED** and Plaintiff's Motion to Strike is dismissed as moot.