**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CASE NO. 3:09-CV-407**

CSX TRANSPORTATION, INC.                                                                    PLAINTIFF

v.

GENERAL ELECTRIC COMPANY,
GENERAL ELECTRIC RAILCAR SERVICES
CORPORATION, GENERAL ELECTRIC
CAPITAL CORPORATION, RAILCAR
ASSOCIATES, L.P., GE RAILCAR
ASSOCIATES, INC., GENERAL ELECTRIC
RAILCAR LEASING SERVICES
CORPORATION, AND JOHN DOE
ENTITIES 1-50                                                                               DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendants' Motion to Dismiss Counts V and VI of

Complaint (Docket #41). Plaintiff CSX Transportation, Inc. ("CSXT") has responded (Docket

#57). Defendants have replied (Docket #64). For the reasons that follow, Defendants' Motion is

GRANTED.

**BACKGROUND**

On January 16, 2007, northbound CSXT freight train Q50215 derailed near Brooks,

Kentucky. The train was headed from Birmingham, Alabama, to Louisville, Kentucky. CSXT

alleges that the derailment occurred when a body side bearing bolt on Car AN 5696 ("Car 18")

failed. As a result of the accident, CSXT was exposed to several third-party lawsuits seeking

damages allegedly caused by the derailment. Defendants were not made a party to many of

those lawsuits. In addition, CSXT suffered damage to its own property, and expended large

sums of money for cleanup. CSXT may also be subject to future litigation arising from the train

derailment.

CSXT alleges that the Defendants in this case collectively owned and/or placed Car 18 into the stream of commerce, and therefore seek to hold Defendants liable for their share of the accident. In its complaint, CSXT asserts seven counts for relief: (I) Products Liability - Manufacturing/Design Defect; (II) Negligent Failure to Inspect/Maintain; (III) Negligent Failure to Provide a Reasonably Safe Rail Car; (IV) Indemnity; (V) Contribution; (VI) Apportionment; and (VII) Damages. Defendants now move to dismiss Counts V and VI pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965 (internal citation and quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the

grounds upon which it rests. *Id.* at 1965. Additionally, "the conclusory nature of particular

allegations cannot alone justify dismissing a complaint." *Back v. Hall*, 537 F.3d 552, 558 (6th

Cir. 2008) (dismissal not appropriate although one essential element of the claim was pled in a

conclusory manner).

## DISCUSSION

Defendants argue that Counts V and VI each fail to state a claim upon which relief can be

granted, and should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Count V of the Complaint asserts a claim for contribution pursuant to Kentucky Revised Statutes

§ 412.030. Count VI of the Complaint requests apportionment of damages in the alternative to

indemnity and contribution, pursuant to Kentucky Revised Statutes § 411.182. Defendants claim

that both Counts were "rendered obsolete" by Kentucky Revised Statutes § 411.182, and claims

for contribution and apportionment are therefore unavailable to Plaintiff.

Kentucky Revised Statutes § 411.182 states:

(1) In all tort actions, including products liability actions, involving fault of more
than one (1) party to the action, including third-party defendants and persons who
have been released under subsection (4) of this section, the court, unless otherwise
agreed by all parties, shall instruct the jury to answer interrogatories or, if there is
no jury, shall make findings indicating:

> (a) The amount of damages each claimant would be entitled to
> recover if contributory fault is disregarded; and

> (b) The percentage of the total fault of all the parties to each claim
> that is allocated to each claimant, defendant, third-party defendant,
> and person who has been released from liability under subsection
> (4) of this section.

(2) In determining the percentages of fault, the trier of fact shall consider both the
nature of the conduct of each party at fault and the extent of the causal relation
between the conduct and the damages claimed.

(3) The court shall determine the award of damages to each claimant in accordance with the findings, subject to any reduction under subsection (4) of this section, and shall determine and state in the judgment each party's equitable share of the obligation to each claimant in accordance with the respective percentages of fault.

(4) A release, covenant not to sue, or similar agreement entered into by a claimant and a person liable, shall discharge that person from all liability for contribution, but it shall not be considered to discharge any other persons liable upon the same claim unless it so provides.  However, the claim of the releasing person against other persons shall be reduced by the amount of the released persons' equitable share of the obligation, determined in accordance with the provisions of this section.

Ky. Rev. Stat. Ann. § 411.182.  This statute effectively codifies the common law doctrine of comparative fault.  *Kentucky Farm Bureau Mut. Ins. Co. V. Ryan*, 177 S.W.3d 797, 802 (Ky. 2005) (citing *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 779 (Ky. 2000)).  "The core principle of comparative negligence is that '[o]ne is liable for an amount equal to his degree of fault, no more and no less.'" *Regenstreif v. Phelps*, 142 S.W.3d 1, 6 (Ky. 2004) (quoting *Stratton v. Parker*, 793 S.W.2d 817, 820 (Ky. 1990)).

## I.    Contribution

Defendants note that "liability among joint tortfeasors in negligence cases is no longer joint and several [in Kentucky], but is several only." *Degener*, 27 S.W.3d at 779.  A party's liability is limited by fault, and a joint tortfeasor may not be forced to pay damages beyond the extent of fault that was apportioned to them.  *Id.*  Apportionment may be proper where there are parties to the same action with several liability.  Defendants argue that because of Kentucky's apportionment law, Plaintiff can no longer maintain a cause of action for contribution among the parties to this lawsuit.

Defendants also argue that Plaintiff had the option, either through impleader under Fed. R. Civ. P. 14 or joinder as an indispensable party under Fed. R. Civ. P. 19, to make Defendants a

4

party to the prior actions.  Plaintiff's failure to do so should therefore prevent any claim for

contribution after the fact.  Defendants allege that Plaintiff made the choice not to join Defendants

in the prior lawsuits as a strategical maneuver in order to prevent a jury determination "that the

derailment was caused by a defect in CSXT's rail rather than by a defect in a GE railcar."  Such a

finding would have made a significant impact on the present litigation.  Finally, Defendants argue

that even if a claim for contribution is viable, Plaintiff has still not included all of the requisite

elements in its Complaint to make out a cause of action for contribution.

Plaintiff argues that Count V for contribution is proper since Defendants were never made

a party to the prior actions.  Therefore, apportionment was not possible, and Kentucky courts have

surmised that contribution is still available in actions involving a non-party.  In support of its

position, Plaintiff argues that there is no reported decision in which Kentucky courts have

prohibited a contribution claim against a non-settling, non-party joint tortfeasor.  Kentucky courts

have, however, suggested that contribution is still a viable option.  *See, e.g.*, *Degener*, 27 S.W.3d

at 779 ("Although . . . the apportionment of causation and the requirement of several liability

obviates any claim for contribution among joint tortfeasors whose respective liabilities are

determined in the original action, we do not address here the viability of a claim for contribution

against other joint tortfeasors who were not parties to that action." (internal citations omitted));

*Floyd v. Carlisle Const. Co., Inc.*, 758 S.W.2d 430, 432 (Ky. 1988) (finding that tortfeasors who

are not defendants are still considered for apportionment purposes if the claim was settled against

them or they were named in the complaint and subsequently dismissed, but making no mention of

non-party, non-settling tortfeasors); *Bass v. Williams*, 839 S.W.2d 559, 564 (Ky. Ct. App. 1992),

*overruled on other grounds*, ("KRS 411.182 applies to persons named as parties, regardless of

how named, and those persons who bought their peace from the litigation by way of releases or

agreements.").  Plaintiff argues that these cases imply that joint tortfeasors who have never been a

party to the action, and were never released from liability, are not subject to apportionment.

Therefore, joint liability rules apply and contribution is available as a cause of action.

 The Court finds that Kentucky law is unclear on the issue of whether contribution among

non-settling non-parties is a viable cause of action since the enactment of § 411.182.  The Court

believes, however, that the case law provides a sufficient background to find that a claim for

contribution is permissible for the parties in this case.  *Deneger* and several other cases state,

"KRS 411.182 is simply a codification of [the] common law evolution of the procedure for

determining the respective liabilities of joint tortfeasors."  27 S.W.3d at 779.  As Plaintiff points

out in its response, prior to the enactment of KRS 411.182, fault was apportioned to claimants,

defendants, third-party defendants, and settling parties.  *See Stratton v. Parker*, 793 S.W.2d 817,

820 (Ky. 1990).

 In *Deneger*, the Kentucky Supreme Court declined to address the issue of apportionment

for non-parties.  27 S.W.3d at 779.  Courts that have addressed the issue of contribution have

done so in cases where the joint tortfeasor was either a party or had settled out of court, and

apportionment was available.  *See, e.g., Dix & Assocs. Pipeline Contractors, Inc. v. Key*, 799

S.W.2d 24, 29 (Ky. 1990) ("If the trier of fact chooses to apportion its award among the joint tort-

feasors, the question of contribution becomes moot." (quoting *Ohio River Pipeline Corp. V.

Landrum*, 580 S.W.2d 713, 719-20 (Ky. Ct. App. 1979) (emphasis removed)); *Smith v. Leveelift,

Inc.*, 2005 WL 2219291 (E.D. Ky. 2005) ("Midwest's reply also argues that contribution is no

longer a viable remedy in Kentucky . . . .  Midwest is *partially correct*, in that statutory

contribution is *not necessary when damages are apportioned* to liable parties because each party pays only the amount of damages that the party caused." (emphasis added)).  The Kentucky Court of Appeals has held that non-settling non-parties should not be included in an apportionment instruction.  *Jones v. Stern*, 168 S.W.3d 419, 422 (Ky. Ct. App. 2005).  "[T]he thrust of KRS 411.182, considered in its entirety, limits allocation of fault to those who actively assert claims, offensively or defensively, as parties in the litigation or who have settled by release or agreement."  *Baker v. Webb*, 883 S.W.2d 898, 900 (Ky. Ct. App. 1994).  Since Defendants were non-settling non-parties to the prior actions, they could not have been included in any apportionment instructions.  Therefore, § 411.182 does not apply.  Instead, the Court believes it is reasonable to apply joint liability rules, which include claims for contribution.

The Court does not agree with Defendants that Plaintiff's claim for contribution is extinguished because Plaintiff did not use Fed. R. Civ. P. 14 to make Defendants a party to the prior actions.  Impleader is not a mandatory rule.  *See Mennen Co. v. Atlantic Mut. Ins. Co.*, 1996 WL 257147 (D.N.J. 1996).  The Rule states that "[a] defending part *may*, as third-party plaintiff, serve a summons or complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  Fed. R. Civ. P. 14(a)(1) (emphasis added).  In other words, Rule 14 "does not compel defendant to bring third parties into the litigation; rather it simply permits the addition of anyone who meets the standard set forth in the rule."  6 Wright & Miller, *Federal Practice & Procedure* § 1446 (2009).  Therefore, despite the fact that Plaintiff likely could have made Defendants a party, Plaintiff was not obligated to do so, and impleader does not serve as a bar to Plaintiff's current claim.

Likewise, Defendants are not considered an "indispensible party" under Fed. R. Civ. P.

19.  The Advisory Committee Notes accompanying Rule 19 state that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability."  Fed. R. Civ. P. 19 advisory committee's note.  *See also Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1198 (6ᵗʰ Cir. 1983).  The proper procedure to join a joint tortfeasor in an action is either through Rule 20 permissive joinder or through Rule 14 impleader.  Therefore, Defendants' argument that Plaintiff's contribution claim is not allowed since Defendants were not joined as a Rule 19 indispensable party fails.

Defendants' final argument is that Count V must be dismissed because Plaintiff has failed to state a cause of action for contribution.  Defendant cites *Long v. Illinois Cent. Gulf R. Co. in Paducah, Ky.*, 660 F. Supp. 469 (W.D. Ky. 1986), as authority on what constitutes a claim for contribution.  The Court in that case held:

> In order to make out a claim for contribution, a claimant who has settled must allege 1) the act of negligence, 2) the incident causing injuries, 3) the injuries that resulted, 4) the existence of a common liability, and 5) the reasonableness of the sum paid in settlement of the claim. . . . Furthermore, the claimant must allege sufficient facts to show an enforceable obligation existed against *the claimant*, not just against the party from whom contribution is sought.

*Id.* at 473 (citing *Campbellsville Lumber Co. V. Lawrence*, 268 S.W.2d 655, 656 (Ky. 1954); *Southeastern Greyhound Lines v. Myers*, 288 Ky. 337, 156 S.W.2d 161 (1941); *Consolidated Coach Corp. v. Burge*, 245 Ky. 631, 54 S.W.2d 16 (1932)).  Defendants allege that Plaintiff's Complaint does not make out a proper claim for contribution under this standard because there are no basic facts alleged that would support a claim, and no clear allegation that Plaintiff was liable to the parties with whom it settled.  Further, the Complaint does not factually allege common liability, nor contain allegations as to the reasonableness of the settlement sums.

The Court acknowledges that the first three prerequisites are easily met.  The Complaint

8

lays out the claim for negligence and provides factual detail as to the train derailment and injuries that resulted. The Court further finds that the existence of a common liability is sufficiently alleged in the Complaint. Plaintiff's Complaint states, "[T]o the extent CSXT is found liable for negligence, Defendants are liable for concurrent negligence of substantially the same character which contributed to cause the Derailment." Plaintiff's Complaint fails, however, to allege sufficient facts to show an enforceable obligation existed against Plaintiff. Plaintiff's Count V for contribution actually denies liability. ("CSXT contends that it is free from negligence related to the Derailment.") "It is essential that the payment by one must have either been compulsory or that there must have been legal obligation." *Deatley's Adm'r v. Phillips*, 243 S.W.2d 918, 921 (Ky. 1951). Plaintiff has not alleged sufficient facts to demonstrate that it had an obligation to pay. *See Long*, 660 F.Supp. at 473-74 ("[The claimant] is not required to give up its defenses to any claims in this suit, but it must plead, at least in the alternative, that it was liable to [the injured party] on the settled claim."). Further, Plaintiff's claim for contribution does not address the reasonableness of the sums paid in the settlements. For the foregoing reasons, the Court finds that Plaintiff has not stated a claim for contribution, and Count V must be dismissed. The Court grants Plaintiff thirty days leave to amend its Complaint.

## II.     Apportionment

Defendants also assert that apportionment is not a proper cause of action in this case because the jury must first find fault as a prerequisite to apportioning damages. *Hall v. MLS National Medical Evaluations, Inc.*, 2007 WL 1385943, at *2 (E.D. Ky. May 8, 2007) ("In other words, § 411.182 provides a right to an apportionment interrogatory or finding where underlying substantive fault exists, but it does not provide a substantive cause of action itself.") Plaintiff's

9

Complaint requests relief through apportionment in Count VI. Under Federal Rule of Civil Procedure 8(d), a plaintiff may plead in the alternative, even if the pleadings are inconsistent. Both parties agree that apportionment may no longer be pled as a separate cause of action. KRS § 411.182; *Burton v. HO Sports Co., Inc.*, 4:06-CV-100-JHM, 2009 WL 1390832, *2 (W.D. Ky. May 14, 2009) (slip copy). Plaintiff argues that Count VI for apportionment is not pled as a separate cause of action. Rather, it is a request for an apportionment interrogatory or finding as a form of relief for other asserted claims in the current action or in separate litigation.

The Complaint states that "[i]n addition to Counts IV and V for indemnity and contribution, and in the alternative to those claims, CSXT is entitled to apportionment pursuant to KRS 411.182." Indemnity and contribution are pled as separate causes of action. Count VI for apportionment appears by all counts to be stated as a separate cause of action: it is pled in the alternative to two other causes of action and it is stated as a separate Count within the Complaint, instead of listed with the other requested forms of relief. Plaintiff may not plead apportionment as a separate cause of action and, therefore, Count VI must be dismissed for failure to state a claim upon which relief can be granted. The Court grants Plaintiff thirty days leave to amend its Complaint to include apportionment as a request for relief.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Counts V and VI of Complaint is **GRANTED**.